**NEALE & FHIMA LLP**
MATTHEW E. NEALE, ESQ. (SBN 74036)
matthew@nealefhima.com
AARON D. FHIMA, ESQ. (SBN 296408)
aaron@nealefhima.com
LAUREN M. BRADSHAW, ESQ. (SBN 319111)
laurenbradshaw@nealefhima.com
34188 Pacific Coast Highway
Dana Point, CA 92629
Tel: (949) 661-1007
Fax: (949) 661-3619

Attorney for Plaintiff
ROY PARAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY PARAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC, a limited liability company, and DOES 1 through 15, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-8838<br><br>**COMPLAINT FOR:**<br>(1) Breach of the Implied Warranty of Merchantability<br>(2) Breach of the Implied Warranty of Fitness<br>(3) Breach of Express Warranty<br>(4) Failure to Promptly Repurchase Product<br>(5) Failure to Commence Repairs Within Reasonable Time and to Complete Them Within 30 Days<br>(6) Breach of Express Warranty (Magnuson-Moss Warranty Act) |

COMES NOW, Plaintiff ROY PARAS, who alleges as follows for his Complaint against Defendants and each of them:

**PARTIES**

1. Plaintiff ROY PARAS ("Plaintiff") is a resident of the City of Chatsworth in Los Angeles County, California.

2. Defendant BMW OF NORTH AMERICA, LLC ("BMW ") is a Delaware limited liability company that manufactures and imports automobiles and sells them in the United States.

3. Plaintiff is ignorant of the names and capacities of DOES 1 though 15 and sues them as DOES 1 through 15, inclusive. Plaintiff will amend this action to allege these DOE defendants' names and capacities when ascertained. Each of the defendants herein is responsible in some manner for the occurrences, injuries, and damages herein, and the damages were directly and proximately caused by these defendants' acts and omissions. Each defendant herein was the agent and co-conspirator of each of the remaining defendants, and in doing the things alleged herein were acting within the course and scope of their agency.

**VENUE & JURISDICTION**

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00.

5. The Court also has original federal question jurisdiction, as this is an action under the Magnuson-Moss Warranty Act at 15 U.S.C. § 2301 *et seq* and under 15 U.S.C. § 2310.

6. The Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367.

7. Upon information and belief Defendant BMW OF NORTH AMERICA, LLC ("BMW") is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. This Court has jurisdiction over BMW because BMW intentionally avails itself of the

California consumer market through the promotion, sale, marketing, and distribution of its vehicles to California residents. As a result, jurisdiction in this Court is proper and necessary.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and California Civil Code § 1780 because Defendants conduct substantial business in this District and have caused harm to Plaintiff who resides in this District. This is also the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## FACTUAL ALLEGATIONS

9. On or around November 9, 2019, Plaintiff purchased a used 2016 BMW 650i Gran Coupe VIN: WBA6D4C54GD977168 (the "Car") from Beverly Hills BMW, located at 5070 Wilshire Boulevard, Los Angeles, California 90036.

10. The purchase price of the Car is approximately $40,984.00.

11. Plaintiff also paid additional fees, taxes, incidental and consequential amounts of money in connection with the purchase and as a result of the failure to the Car to conform to warranties.

12. Plaintiff purchased the Car primarily for personal, family, or household purposes.

13. The Car was manufactured, sold, distributed, advertised, marketed, and warranted by BMW.

14. In connection with Plaintiff's purchase of the Car, BMW provided Plaintiff with an express warranty, under which BMW agreed to preserve or maintain the utility or performance of the Car or provide compensation if there is any failure in utility or performance for a specified period of time.

15. At the time he purchased the Car, Plaintiff's legal name was ROY PARAS.

16. On or about January 2, 2020, Plaintiff first brought his Car to Bob Smith BMW located at 24500 Calabasas Rd, Calabasas, California 91302, which at all relevant times was a BMW Authorized Repair Facility. Plaintiff brought the Car in for repair of defects including, but not limited to, the drivetrain malfunction warning light being illuminated, the Car running rough

3
COMPLAINT

and shaking, the Car lacking power when accelerating and oil leaking from the bell housing ("Drivetrain Malfunction Defects").

17. On or about April 28, 2020, Plaintiff brought the Car to Bob Smith BWM for repair of the Drivetrain Malfunction Defects for the second time.

18. On or about July 20, 2020, Plaintiff brought the Car to Bob Smith BMW for repair of defects including, but not limited to, the check engine light being illuminated ("Check Engine Light Defect").

19. On or about August 11, 2020, Plaintiff brought the Car to Bob Smith BMW for the second time for repair of defects including, but not limited to, the check engine light being illuminated ("Check Engine Light Defect"), the Car shaking upon acceleration, and the Car lagging in performance.

20. Each time Plaintiff brought his Car to Bob Smith BMW, Bob Smith BMW's employees, agents, technicians and or mechanics confirmed the Drivetrain Malfunction Defect and Check Engine Light Defect and attempted to repair them.

21. The Car spent at least **21 days** at the dealership for repair of the defects. However, the defects were never repaired.

22. Plaintiff seeks recovery of all his down payment, all payments made to date, registration fees paid, acquisition fees paid, administrative fees paid, and any other collateral, consequential, or incidental charges.

## FIRST CLAIM FOR RELIEF

### (Breach of the Implied Warranty of Merchantability)

23. Plaintiff incorporates herein by reference and reallege all of the allegations stated in this Complaint.

24. On or about November 19, 2019, Plaintiff purchased the used Car, which was manufactured, distributed, and sold by Defendant.

25. The total consideration which Plaintiff paid or agreed to pay is approximately $40,984.00.


and shaking, the Car lacking power when accelerating and oil leaking from the bell housing ("Drivetrain Malfunction Defects").

17. On or about April 28, 2020, Plaintiff brought the Car to Bob Smith BWM for repair of the Drivetrain Malfunction Defects for the second time.

18. On or about July 20, 2020, Plaintiff brought the Car to Bob Smith BMW for repair of defects including, but not limited to, the check engine light being illuminated ("Check Engine Light Defect").

19. On or about August 11, 2020, Plaintiff brought the Car to Bob Smith BMW for the second time for repair of defects including, but not limited to, the check engine light being illuminated ("Check Engine Light Defect"), the Car shaking upon acceleration, and the Car lagging in performance.

20. Each time Plaintiff brought his Car to Bob Smith BMW, Bob Smith BMW's employees, agents, technicians and or mechanics confirmed the Drivetrain Malfunction Defect and Check Engine Light Defect and attempted to repair them.

21. The Car spent at least **21 days** at the dealership for repair of the defects. However, the defects were never repaired.

22. Plaintiff seeks recovery of all his down payment, all payments made to date, registration fees paid, acquisition fees paid, administrative fees paid, and any other collateral, consequential, or incidental charges.

## FIRST CLAIM FOR RELIEF

**(Breach of the Implied Warranty of Merchantability)**

23. Plaintiff incorporates herein by reference and reallege all of the allegations stated in this Complaint.

24. On or about November 19, 2019, Plaintiff purchased the used Car, which was manufactured, distributed, and sold by Defendant.

25. The total consideration which Plaintiff paid or agreed to pay is approximately $40,984.00.

26. The Car was purchased primarily for personal, family, or household purposes.

27. Plaintiff purchased the Car from an entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

28. In connection with the purchased, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Car or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Car during the warranty period, Plaintiff could deliver the Car for repair services to Defendant's representatives and the Car would be repaired.

29. During the warranty period, the Car contained or developed various defects including, but not limited to, Drivetrain Malfunction Defects, Check Engine Light Defects, and No Start Defects.

30. Pursuant to 15 U.S.C. § 2301 *et seq.* and/or California Civil Code § 1792.1, the sale of the Car was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

31. The implied warranty of merchantability means and includes that the Car will comply with each of the following requirements: (1) The Car will pass without objection in the trade under the contract description; (2) The Car is fit for the ordinary purposes for which such goods are used; (3) The Car is adequately contained, packaged, and labeled; and (4) The Car will conform to the promises or affirmations of fact made on the container or label.

32. In or about January 2, 2020, or during the time period in which the implied warranty was in effect, the Car contained or developed the aforementioned defects. The existence of each of these defects constitutes a breach of the implied warranty because the Car (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

33. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Car, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again.

34. Accordingly, Plaintiff seeks the remedies provided in California Civil Code § 1794(b)(1), including the entire consideration paid to Defendants. In addition, Plaintiff seeks the remedies set forth in California Civil Code § 1794(b)(2), including the diminution in value of the Car resulting from its defects. Plaintiff believes that, at the present time, the Car's value is *de minimis*.

35. An actual controversy has arisen between the parties as to whether Plaintiff is entitled to revoke acceptance of the Car and as to whether Plaintiff has actually done so. Pursuant to 28 U.S.C. § 2201, Plaintiff requests that the Court issue declaratory relief determining whether Plaintiff has the right to do so and whether Plaintiff has done so.

36. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to federal question jurisdiction at 15 U.S.C. § 2310(d) and California Civil Code § 1794.

37. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## SECOND CLAIM FOR RELIEF

**(Breach of the Implied Warranty of Fitness)**

38. Plaintiff incorporates herein by reference and reallege all of the allegations stated in this Complaint.

39. Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Car was required for a particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

40. Pursuant to 15 U.S.C. § 2301 *et seq.* and/or California Civil Code § 1792.1, the

sale of the Car was accompanied by Defendants' implied warranty that the Car would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendants.

41. In or about January 2, 2020, or during the time period in which the implied warranty was in effect, the Car contained or developed the aforementioned defects. The existence of these defects constitutes a breach of the implied warranty of fitness because the Car was not fit for Plaintiff's particular purpose.

42. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2301 *et seq.* and/or California Civil Code § 1794.

43. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## THIRD CLAIM FOR RELIEF

### (Breach of Express Warranty)

44. Plaintiff incorporates herein by reference and reallege all of the allegations stated in this Complaint.

45. In accordance with Defendant's warranty, Plaintiff delivered the Car to Defendant's representatives in California to perform repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Car for repair, Plaintiff notified Defendant and its representatives of the characteristics of the defects. However, Defendant and its representatives failed to repair the Car, breaching the terms of the written warranty on each occasion.

46. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and/or California Civil Code § 1794.

47. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Car under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to California Civil Code § 1794(c) and 15 U.S.C. § 2310(d).

48. Defendant does not maintain an informal dispute resolution process that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## FOURTH CLAIM FOR RELIEF

### (Failure to Promptly Repurchase Product)

49. Plaintiff incorporates herein by reference and reallege all of the allegations stated in this Complaint.

50. Defendant and its representatives in this state have been unable to service or repair the Car to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Car or make restitution to Plaintiff as required by California Civil Code § 1793.2(d).

51. An actual controversy has arisen between the parties as to whether Defendant is obligated to promptly replace the Car or make restitution to Plaintiff as required by California Civil Code § 1793.2(d). Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiff requests that the Court issue declaratory relief determining the rights and obligations of the parties pursuant to California Civil Code § 1793.2(d).

52. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to California Civil Code § 1793.2 and therefore brings this claim pursuant to California Civil Code § 1794.

53. Furthermore, the provisions of California Civil Code § 1793.2(d) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. *Swenson v. File* (1970) 3

...

Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court* (1998) 62 Cal.App.4th 981, 988-89. Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff also brings this claim pursuant to 15 U.S.C. § 2310(d).

54. Defendant's failure to comply with its obligations under California Civil Code § 1793.2(d) was willful, in that Defendant and its representative were that they were unable to service or repair the Car to conform to the applicable express warranties after a reasonable number of repair attempts, yet they failed and refused to promptly replace the Car or make restitution despite Plaintiff's demand. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to California Civil Code § 1794(c) and/or 15 U.S.C. § 2310(d).

55. Defendant does not maintain an informal dispute resolution process that complies with California Civil Code § 1793.22. Despite Defendant's violation of California Civil Code § 1793.2(d) and its notice thereof, Defendant failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to California Civil Code § 1794(e) and/or 15 U.S.C. § 2310(d).

56. Plaintiff seeks civil penalties pursuant to California Civil Code § 1794, subd. (c) and (e) in the alternative and does not seek to cumulate civil penalties, as provided in California Civil Code § 1794(e).

57. Defendant does not maintain an informal dispute resolution process that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

### FIFTH CLAIM FOR RELIEF

**(Failure to Commence Repairs within Reasonable Time and to Complete Them Within 30 Days)**

58. Plaintiff incorporates herein by reference and reallege all of the allegations stated in this Complaint.

59. Although Plaintiff delivered the Car to Defendant's representatives in California, Defendant and its representatives failed to commence the service or repairs within a reasonable

time or failed to service or repair the Car so as to conform to the applicable warranties within 30 days, in violation of California Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

60. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to California Civil Code §§ 1793.2(b), and therefore brings this claim pursuant to California Civil Code § 1794.

61. Furthermore, the provisions of California Civil Code § 1793.2(d) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. *Swenson v. File* (1970) 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court* (1998) 62 Cal.App.4th 981, 988-89. Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff also brings this claim pursuant to 15 U.S.C. § 2310(d).

62. Defendant's failure to comply with its obligations under California Civil Code § 1793.2(d) was willful, in that Defendant and its representative were that they were unable to service or repair the Car to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to California Civil Code § 1794(c) and/or 15 U.S.C. § 2310(d).

63. Defendant does not maintain an informal dispute resolution process that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

### SIXTH CLAIM FOR RELIEF

**(Breach of Express Warranty under the Magnuson Moss Warranty Act)**

64. Plaintiff hereby incorporates by reference the allegations in all above paragraphs.

65. On or about November 9, 2019, Plaintiff purchased a used 2016 BMW 650i Gran Coupe, VIN: WBA6D4C54GD977168 (the "Car") from Beverly Hills BMW in Los Angeles, California.

66. The Subject Vehicle is a "consumer product" as that term is defined by 15 U.S.C.

§2301(1)

67. Plaintiff is a "consumer" under the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(3).

68. Defendant BMW OF NORTH AMERICA, LLC is a "supplier" as that term is defined by 15 U.S.C. §2301(4).

69. Defendant BMW OF NORTH AMERICA, LLC is a "warrantor" as that term is defined by 15 U.S.C. §2301(5).

70. Defendant BMW OF NORTH AMERICA, LLC supplied Plaintiff with a "written warranty" as that term is defined by 15 U.S.C. §2301(6).

71. Defendant's express warranty was integral to Plaintiff's purchase of the Subject Vehicle.

72. Since purchasing the Subject Vehicle, Plaintiff has delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s) no less than four (4) times for repair of nonconformity(s) to warranty, including, but not limited to defect(s) which have manifested in: the drivetrain malfunction warning light being illuminated, and the vehicle running rough and shaking ("Drivetrain Malfunction Defects"), and the check engine light being illuminated ("Check Engine Light Defect"), the Car shaking upon acceleration, and the Car lagging in performance. Said nonconformity(s) have substantially impaired the vehicle's use, value, and/or safety to Plaintiff.

73. On each occasion Plaintiff delivered the Subject Vehicle for repair to Bob Smith BMW, Defendant BMW OF NORTH AMERICA, LLC's authorized repair facility, the vehicle was returned to Plaintiff without properly repairing the nonconformity(s).

74. As stated above, Defendant BMW OF NORTH AMERICA, LLC's authorized and actual agent regarding repairs and maintenance of the Subject Vehicle.

75. 15 U.S.C. §2301 (d)(1) provides that a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligations under this title, or a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in any court of competent jurisdiction in any state or in an appropriate District

1 | Court of the United States.

2 |     76.    The Subject Vehicle was not fit for the ordinary purposes for which such goods are used and was not of the same quality as those generally acceptable in the trade.

    77.    By Defendant BMW OF NORTH AMERICA, LLC (and/or its authorized facilities) failing to repair the nonconformity(s) as alleged above, or to make restitution or to replace the Subject Vehicle, Defendant is in violation of its obligation under the Magnuson-Moss Warranty Act 15 U.S.C. §2304(a)(1).

    78.    The damages herein exceed $25,000.

    79.    Plaintiff demands a jury trial.

## PRAYER

**WHEREFORE**, Plaintiff prays for relief against Defendants, and each of them as follows:

1. Any and all remedies provided pursuant to the Song-Beverly Act, California Civil Code §§ 1790 *et seq.*, including California Civil Code § 1794;

2. For restitution in an amount according to proof;

3. Pursuant to 28 U.S.C. § 2201, a declaration that Defendant has an obligation to repurchase Plaintiff's Car pursuant to California Civil Code § 1793.2(d) and determining whether Plaintiff has the right revoke acceptance and whether Plaintiff did revoke acceptance pursuant to California Civil Code § 1794(b);

4. For a civil penalty of two times Plaintiff's actual damages pursuant to California Civil Code § 1794(c) and 15 U.S.C. § 2310(d);

5. For any consequential and incidental damages;

6. For an order enjoining any method, act, or practice found by the Court to violate the Song-Beverly Act at California Civil Code § 1770;

7. For reasonable attorney's fees and costs allowed by law, including pursuant to Civil Code §§ 1780(e), 1794(d) and/or 15 U.S.C. § 2310(d);

8. For punitive damages.

9. For prejudgment interest at the legal rate;

10. For costs of suit;

11. For such other and further relief as the court deems just and proper.

### TRIAL BY JURY

Trial by jury is demanded on all such issues so triable.

NEALE & FHIMA LLP

DATED: September 18, 2020

By: _____
Matthew E. Neale, Esq.
Aaron D. Fhima, Esq.
Lauren M. Bradshaw, Esq.
Attorneys for Plaintiff ROY PARAS

**DECLARATION PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)**

I, LAUREN BRADSHAW, declare as follows:

1. I am the attorney of record for Plaintiff ROY PARAS in the above-captioned action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2. Venue in the United States District Court for the Central District of California is the proper place for the trial of the above-captioned action as required by Civil Code § 1780(d) because at least one Defendant named in this Complaint does business in the County of Los Angeles.

I declare under penalty of perjury under the laws of the State of California that the foregoing responses are true and correct.

Executed on the 18 day of September, 2020.

LAUREN BRADSHAW